IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNY TAYLOR, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-1798-S-BN |
| § | |
| BROOK VALLEY MANAGEMENT, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kenny Taylor filed a *pro se* petition in a Dallas County, Texas state court, and Defendant Brook Valley Thrift Stores, Inc. (identified by Taylor in the petition as Brook Valley Management) removed under the Court's federal-question and diversity subject-matter jurisdiction. *See* Dkt. No. 1.

Brook Valley then moved to dismiss Taylor's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and alternatively requested a more definite statement under Federal Rule of Civil Procedure 12(e). *See* Dkt. No. 6.

And Taylor moved to remand this case to state court. *See* Dkt. Nos. 7, 8, 10, & 13.

The parties briefed both motions. *See* Dkt. Nos. 14, 17, 23, & 24.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny the motion to remand, grant the motion to dismiss, and dismiss this lawsuit.

**Discussion**

I.   **The Court should deny Taylor's motion to remand.**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "[a] motion to remand … must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)," 28 U.S.C. § 1447(c).

But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable

... the latter is not." (cleaned up)).

And, so, while there is "no basis, in either the language of the amended statute or in policy, for conferring upon the district courts discretion *sua sponte* to remand for purely procedural defects," *In re Allstate*, 8 F.3d 219, 223 (5th Cir. 1993), "[t]he statute declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded," *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

Taylor's filings requesting remand appear to be based on an alleged lack of subject-matter jurisdiction. *See, e.g.*, Dkt. No. 8 at 1 ("These request[s] are made on the grounds that the Federal Court does not have subject matter jurisdiction.").

And they otherwise fail to identify a plausible violation of the removal statute. *See generally* Dkt. Nos. 7, 8, 10, & 13.

But, as the party invoking federal subject-matter jurisdiction, Brook Valley, through its notice of removal, has plausibly shown that there was such jurisdiction at the time of removal.

For example, Taylor invokes multiple federal statutes in the state court petition, most notably the Americans with Disabilities Act ("ADA"), and, in support of a claim under the ADA, Taylor alleges,

> [a]s a general rule, employers can prohibit drinks, including water, on the sales floor. However, an exception exists under the [ADA]. If any employee requires water as a reasonable accommodation due to a disability, the employer must provide it. On several occasions I have been told I can't go to the break area or I need to stop going in there, but it's so I can get a bottle of water or fill up my low one at the machine, this is also to take my medicine. Again I have a medical condition. This proof will be attached as well.

Dkt. No. 1-1 at 19.

Under Section 1331, federal question jurisdiction typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

And, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." *Copeland v. E*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per curiam) (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))).

While Taylor's allegations above may not be sufficient to allege a plausible violation of the ADA – as will be discussed below – they are enough to assert more than an insubstantial violation of federal law, to support the Court's jurisdiction under Section 1331. *See Farooq v. Nucor Bus. Tech., Inc.*, No. 3:24-cv-920-N-BN, 2024 WL 2805928, at *2 (N.D. Tex. Apr. 25, 2024) ("[A] plaintiff's citing a federal statute

and alleging facts to support a violation of that statute is enough to carry a removal defendant's burden to show a foundation for a nonfrivolous and not insubstantial violation of federal law." (citing *Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at *2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that this is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964, and then alleged facts to show how Title VII applies to her claims. And, by including factual allegations that imply the applicability of the federal statute cited in the state court petition, Chapman alleged more than the existence of a frivolous or insubstantial federal question, and thereby alleged a basis for jurisdiction under Section 1331." (cleaned up)), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023)), *rec. accepted*, 2024 WL 2804933 (N.D. Tex. May 31, 2024).

The Court should therefore deny Taylor's motion to remand.

## II.  The Court should grant Brook Valley's motion to dismiss to the extent that Taylor has not alleged facts that support a claim to relief that is facially plausible.

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels;

threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

Applying these general standards to this context – where, liberally construed, some facts alleged could go to support claims of unlawful discrimination or retaliation in the workplace – "the complaint need not contain specific facts establishing a prima facie case of discrimination [or retaliation] under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Id.* (cleaned up; emphasis in original).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*,

No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

> [a] complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

"Similarly, for a retaliation claim, a plaintiff only needs to plausibly 'allege facts going to the ultimate elements of the claim to survive a motion to dismiss.'" *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (quoting *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)).

Those "ultimate elements" are "that 1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright*, 990 F.3d at 433 (cleaned up).

This framework, to address Taylor's federal claims, applies equally to any claims for workplace discrimination or retaliation in violation of Texas law. *See, e.g.*, *McGee v. Hiland Dairy Foods Co. LLC*, No. 3:23-cv-2630-D-BN, 2023 WL 9005639, at *2 (N.D. Tex. Dec. 1, 2023) ("[W]hile McGee also makes claims under Chapter 21 of the Texas Labor Code, '[a] purpose of Chapter 21 is to execute the policies embodied

in [multiple federal statutes, including the ADA].' So federal courts commonly apply the federal statutory 'framework to interpret Chapter 21.'" (quoting *Green v. Costco Wholesale Corp.*, No. 3:15-cv-1868-N, 2017 WL 10110295, at \*3 n.2 (N.D. Tex. May 30, 2017))), *rec. adopted*, 2023 WL 9005583 (N.D. Tex. Dec. 28, 2023).

And, "[i]n [all these] context[s], '[a] court ... inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss.'" *Smith*, 2024 WL 4442040, at \*4 (quoting *Cicalese*, 924 F.3d at 767).

Here, Taylor's complaint and its attachments generally lack detailed factual allegations; Taylor instead elects to list various causes of action and assert that he has suffered damages. *See, e.g.*, Dkt. No. 1-1 at 7-11.

But an attachment to the complaint does reveal that Taylor's claims are, at least in part, based on his employer's admonishing him for taking too many breaks. *See id.* at 14-21. And Taylor appears to allege that his not receiving sufficient breaks or other accommodations violates federal and Texas law. *See id.* at 18-21.

Under the ADA, "an employer is generally prohibited from 'discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting 42 U.S.C. § 12112(a)).

- 9 -

To plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 485 (5th Cir. 2023) ("To prevail on a failure-to-accommodate claim, a plaintiff must show that (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." (cleaned up)).

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

> [But t]he Act is not a general protection of medically afflicted persons. It protects people who are discriminated against by their employer … either because they are in fact disabled or because their employer mistakenly believes them to be disabled. If the employer discriminates against them on account of their being (or being believed by him to be) ill, even permanently ill, but not disabled, there is no violation.

*Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997) (citation omitted); *see also Carpenter v. Wal-Mart Stores, Inc.*, 614 F. Supp. 2d 745, 764 (W.D. La. 2008) ("A medical condition is not necessarily an impairment, and an impairment is not necessarily a substantial limitation on a major life activity so as to be a disability within the meaning of the ADA.").

And, so, "[t]he actual name of a disability is irrelevant; what matters is the effect of [a] disability on an individual's life." *Anderson v. L. Keeley Corp.*, No. 4:22 CV 710 JMB, 2022 WL 3585596, at *2 (E.D. Mo. Aug. 22, 2022) (citing *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)).

And "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Significantly, "[t]he ADA Amendments Act of 2008 … provides, among other things, that the term 'substantially limits' is to be interpreted as broadly as possible.'" *Milteer v. Navarro Cnty., Tex.*, 652 F. Supp. 3d 754, 763 (N.D. Tex. 2023) (quoting 42 U.S.C. § 12102(4)(A)-(B)); *see also Mueck*, 75 F.4th at 478-81 ("tak[ing] the opportunity to acknowledge, as our sister circuits have, that, following the ADAAA's passage, an impairment need not be 'permanent or long-term' to qualify as a disability").

But, even under the more lenient standards of the ADAAA, Taylor has not alleged facts from which the Court could infer that he has a qualifying disability, such that he has alleged a plausible claim under the ADA or equivalent state authority.

Nor do the facts provided by Taylor reflect that he engaged in a protected activity, such that he has alleged a plausible claim for retaliation under the ADA or any other law.

Nor has Taylor alleged facts from which the Court could infer a plausible

violation of the other federal statutes cited.

For these reasons, the Court should grant Brook Valley's motion to dismiss.

But the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Taylor an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

So the Court should dismiss this lawsuit with prejudice if Taylor fails to file timely objections that show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### Recommendation

The Court should deny Plaintiff Kenny Taylor's motion to remand [Dkt. Nos. 7 & 10]; grant Defendant Brook Valley Thrift Stores, Inc.'s motion to dismiss [Dkt. No 6] to the extent that Taylor has not alleged facts that support a claim to relief that is facially plausible; and, unless Taylor provides through timely objections a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE